UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NAGIBE ALHAJ,

                          Plaintiff,

-against-                        1:19-CV-7584 (CM)

LAW OFFICE OF EHAB MOUSTAFA;     TRANSFER ORDER
EHAB MOUSTAFA; ABRAHEEM ALLOA;
MARYEM SECRETARY,

                          Defendants.

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently being treated in the Kirby Forensic Psychiatric Center on Wards Island, brings this *pro se* action asserting what appear to be state-law claims under the Court's diversity jurisdiction. He sues a Brooklyn law firm (Law Office of Ehab Moustafa), an attorney (Ehab Moustafa), and what appear to be employees of the law firm (Abraheem Alloa and "Maryem Secretary"). For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under § 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides, if a defendant, in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Plaintiff does not allege where any of the defendants reside. But he alleges that they all are located or work in Brooklyn, and that the events giving rise to his claims occurred in Brooklyn. Brooklyn, Kings County, New York, is located in the Eastern District of New York. See 28 U.S.C. § 112(c). Thus, while it is unclear whether this Court is a proper venue for this action, it appears that the United States District Court for the Eastern District of New York is a proper venue for this action under § 1391(b)(2).

Even if venue is proper here, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424 (LAK), 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established."); *see also Lead Indus. Ass'n. Inc. v. OSHA*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (noting that the "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative

means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under § 1404(a), transfer appears to be appropriate in this case. The defendants are either located or work in the Eastern District of New York, and the alleged underlying events occurred in that judicial district. In addition, it is likely that relevant documents and witnesses are located in that judicial district. The Court therefore concludes that it is in the interest of justice to transfer this action to the United States District Court for the Eastern District of New York. *See* § 1404(a).

## CONCLUSION

The Court directs the Clerk of Court to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Court further directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees, and whether a court should request *pro bono* counsel to represent Plaintiff, are determinations to be made by the transferee court. (*See* ECF 1; ECF 4.) A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   November 12, 2019
         New York, New York

                                              COLLEEN McMAHON
                                       Chief United States District Judge